UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:        JOHN E. SHAVERS                               CASE NO. 03-55729
              Debtor                                        CHAPTER 7

DWAYNE MURRAY, TRUSTEE FOR
THE ESTATE OF JOHN E. SHAVERS
              Plaintiff / Counter-Defendant
V.

J. STEPHEN SMITH, CHAPTER 7
TRUSTEE FOR THE ESTATE OF                                   ADV. PROC. NO. 04-5038
ARIANA LYNN SHAVERS
              Defendant / Counter-Plaintiff
V.

B.G. PERRY, CUSTODIAN FOR ARIANA
LYNN SHAVERS, THE UNITED STATES OF
AMERICA INTERNAL REVENUE SERVICE,
ANN. B. SHAVERS, JAMES KOERBER,
HERBERT J. STELLY, SR., LONG BEACH
MORTGAGE CO., WASHINGTON MUTUAL
BANK, F.A., FLINT CREEK FARMS COMPANY,
LTD., CONTINENTAL CASUALTY COMPANY,
HANCOCK BANK, AND UNITED STATES FIRE
INSURANCE COMPANY
              Cross-Defendants

## OPINION

Before the court is the motion to add Elite Title Company and Michele Rodriguez as necessary and required parties to this litigation filed by Herbert J. Stelly, Sr., a cross-defendant in the above styled adversary proceeding. Also before the court is the motion requesting joinder of United General Title Insurance Company, Inc. as a necessary party filed by Herbert J. Stelly, Sr. Having considered the pleadings and memoranda submitted on behalf of the parties, the court concludes that the motions should be denied.

## I. FACTUAL BACKGROUND

1. A petition for relief in the name of John E. Shavers was commenced under Chapter 11 of Title 11 of the United States Code in August of 2003. The case was converted to a Chapter 7 in January of 2004.

2. In March of 2004 a complaint was filed by Dwayne Murray, chapter 7 trustee, to avoid and recover and preserve fraudulent transfers pursuant to 11 U.S.C. §§ 544, 550 and 551 against J. Steven Smith, the Chapter 11 trustee for the estate of Ariana Shavers, for the purposes of avoiding transfers of real property and recovering property for the benefit of the John E. Shavers bankruptcy estate. J. Stephen Smith filed an answer, counterclaim and cross claim naming the above defendants and included a request for the court to declare the priority and amounts of encumbrances on the property including a tax lien, judgments to Ann B. Shavers, James Koerber, and Herbert Stelly, and a deed of trust in favor of Long Beach Mortgage Company.

3. An order was subsequently entered approving a settlement and compromise that avoided transfers of real property, being Lots 2 and 3, Bayou Plantations Subdivision, First Judicial District of Harrison County, Mississippi. The real property was subsequently sold through the bankruptcy estate and the proceeds in the amount of $530,000.00 are being held by the trustee in escrow pending a determination of lien priorities.

4. The parties do not dispute that judgments were obtained against Shavers and were enrolled in 2002 in favor of Ann Shavers in the amount of $93, 946.51, James Koerber in the amount of 48,531.67 and Herbert J. Stelly, Sr., in the amount of $250,000.00. Subsequent to the enrollment of these judgments, Shavers received title to and recorded a deed to the subject property and obtained a loan from Long Beach Mortgage Company in the amount of $500,000.00

secured by a deed of trust. Long Beach Mortgage Company paid off a deed of trust in favor of BancorpSouth in the amount of $264,478.31 and Shavers received $191,692.26 of loan proceeds.

5. Prior to the loan closing, Long Beach Mortgage requested a title search and an abstract was prepared on August 29, 2002 that omitted the prior judgments enrolled in Harrison County, Mississippi, by Ann B. Shavers, James E. Koerber, and Herbert J. Stelly, Sr. Long Beach Mortgage received a title insurance policy from United General Insurance Company, that was written by Michele Rodriguez d/b/a Elite Title Company.

6. Herbert J. Stelly, filed the above referenced motions requesting that Michele Rodriguez, Elite Title Company and United General Insurance Company be joined as necessary parties pursuant to Fed. R. Civ. P. 19, made applicable by Fed. R. Bankr. P. 7019.

7. The motions were joined by Ann B. Shavers, James A. Koerber, and Dwayne M. Murray, trustee. The motions were opposed by Washington Mutual Bank, F.A., as attorney in fact for Wachovia Bank, National Association (formerly known as First Union National), as Trustee for Long Beach Mortgage Loan Trust 2002-2. Briefs were submitted by the parties on the motion.

## II. CONCLUSIONS OF LAW

The matter before the court is a core proceeding pursuant to 28 U.S.C. § 157. The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.

Federal Rule of Civil Procedure 19 provides the following regarding joinder of parties:

**Rule 19. Joinder of Persons Needed for Just Adjudication.**

    **(a). Persons To Be Joined if Feasible**. A person who is subject to

> service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the persons's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

Fed. R. Civ. P. 19(a).

Based on the well reasoned arguments and authorities cited by Washington Mutual Bank, the court concludes that the movants have not met their burden in establishing that joinder of United General Title Insurance Company, Elite Title Company and Michele Rodriguez is required under Rule 19. *See also, Nottingham v. General American Communications Corp.,* 811 F.2d 873, 880 (5th Cir. 1987), *cert. denied,* 484 U.S. 854, 108 S. Ct. 158, 98 L.Ed. 2d 113 (1987)(Rule 19 does not require joinder of persons against whom there may be a claim for contribution); *Walker v. Monsanto Company Pension Plan,* 2006 WL 2802051 (S.D.Ill. 2006)(it is settled in both contract and tort, that a mere obligation to pay money in the event of a judgment does not render a party indispensable); *Babb v. Mid-America Auto Exchange, Inc.,* 2006 WL 2714273 (D.Kan. 2006)(a defendant's potential right to contribution or indemnification from an absentee does not make the absentee necessary under Rule 19); *Dewitt v. Daley,* 336 B.R. 552 (S.D.Fla. 2006)(citing *Bedel v. Thompson,* 103 F.R.D. 78, 80 (S.D.Ohio 1984)(the complete relief provision of 19(a) does not concern any subsequent relief via contribution or indemnification for which the absent party might later be responsible). The court concludes that

the motion to add Elite Title Company and Michele Rodriguez as necessary and required parties, and the motion requesting joinder of United General Title Insurance Company as a necessary party should be denied. The court's ruling is limited to a determination as to proper parties in the lien priority litigation that is currently before the court. The court does not determine ultimate liability as to any entity. Subsequent litigation regarding such is not precluded.

**DATED THIS** the 12th day of October, 2006.

*Edward R. Gaines*
EDWARD R. GAINES
UNITED STATES BANKRUPTCY JUDGE